UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL BECNEL, ET AL.<br>Plaintiffs<br><br>VERSUS<br><br>TAYLOR-SEIDENBACH, INC., ET AL.<br>Defendants | CIVIL ACTION NO. 2:23-cv-01124<br><br>SECTION P(5)<br><br>JUDGE DARREL J. PAPILLION<br><br>MAG. JUDGE MICHAEL NORTH |

### MCDERMOTT, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs brought this suit alleging that they (or in the case of Roseanne Pierron's husband and children, their decedent) were exposed to asbestos on the work clothes of their father, Howard Kraemer, which caused them to contract various asbestos-related diseases. Although Plaintiffs allege that their father worked at many different facilities including "McDermott at Morgan City," there is no evidence in this record that Howard Kraemer ever worked for or at any McDermott facility. Specifically, Howard Kraemer gave a deposition in his own asbestos case, and in that deposition said nothing about ever working for or at McDermott. Additionally, his Social Security Print Out, which shows every employer in his lifetime, contains no reference to his ever having worked for any McDermott entity. Therefore, based on the undisputed material facts, McDermott is entitled to judgment as a matter of law and this motion should be granted.

### FACTUAL BACKGROUND

As demonstrated by record pleadings and the exhibits submitted with this motion and cited in support of the material facts, there is a complete absence of evidence to support Plaintiffs' allegation that their father Howard Kraemer ever worked for or at McDermott. Howard Kraemer gave a lengthy deposition in 1989 in his own asbestos case. That deposition, Exhibit A, which delved deeply into his work history, says nothing whatsoever about working at McDermott. In

1

#103938635v1

fact, McDermott is not mentioned even once. Howard Kraemer's Social Security Print Out, Exhibit B, which was produced by Plaintiffs' counsel in this case, contains a complete list of all employers of Howard Kraemer throughout his lifetime. Again, there is no reference to McDermott in the entire Social Security Print Out. His daughter Roseanne Pierron testified in her deposition in this case that her father died in 2001. Exhibit C. Howard Kraemer's uncontradicted testimony cannot be supplemented. Thus, the entire record concerning Howard Kraemer contains not a shred of admissible evidence that Howard Kraemer ever worked at McDermott.

## LAW AND ARGUMENT

This asbestos-related case is brought under Louisiana law as against McDermott. Under that applicable law, a plaintiff must show he/she had a significant exposure to asbestos to the extent that it was a substantial factor in bringing about his/her injury. *Rando v. Anco Insulations Inc.*, 2008-1163 (La. 05/22/09), 16 So. 3d 1065, 1091; *Quick v. Murphy Oil Co.*, 1993-2267 (La. App. 4 Cir. 09/20/94); 643 So.2d 1291, 1296, *writ denied*, (La. 94-2583 01/06/1995), 648 So. 2d 923; *Allen v. Eagle, Inc.*, 2022-0622 (La. App. 4 Cir. 02/24/23); 358 So. 3d 928, *citing Oddo v. Asbestos Corp. Ltd.*, 2014-0004 (La. App. 4 Cir. 8/20/15), 173 So. 3d 1192, 1202, *writ denied*, 2015-1712 (La. 11/06/15), 180 So. 3d 308; *Lucas v. Hopeman Bros., Inc.*, 2010-1037 (La. App. 4 Cir. 02/16/11); 60 So. 3d 690, 700; *Handy v. Owens Corning Corp.*, 2018-0491 (La. App. 4 Cir. 12/26/18); 262 So. 3d 965, 968-69, *writ denied*, 2019-0153 (La. 3/18/19), 267 So. 3d 90 (La. 3/18/19). The exposures must be of such frequency, duration, and/or intensity as to make them a substantial factor in causing the plaintiff's injuries. *Palermo v. Port of New Orleans*, 2004-1804, 2004-1805 (La. App. 4 Cir. 1/19/07), 951 So.2d 425, 440-445, *writ denied*, 2007-0363 (La. 6/13/07); *Vodanovich v. A.P. Green Industries, Inc.*, 2003-1079 (La. App. 4 Cir. 3/3/04), 869 So. 2d 930, 933-34.

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking summary judgment has the initial burden of showing the absence of a genuine issue of material fact by pointing out the record contains no support for the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). Thereafter, if the nonmovant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). "[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Odeh v. Butler*, 2024 U.S. Dist. LEXIS 181577, at *5 (E.D. La. Oct. 4, 2024) citing *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FED. PRAC. & PROC.: CIV. § 2738 (2d ed. 1983)).

An essential element of each Plaintiff's claim here is to demonstrate some substantial exposure to asbestos originating from a McDermott entity. This Plaintiffs will be unable to do. Howard Kraemer's own deposition and his Social Security Print Out show that there is no evidence he ever worked for or at McDermott in Morgan City as is alleged in Plaintiffs' pleadings. In fact, based on the record, the depositions and the discovery conducted in this matter there is no evidence that Howard Kraemer was ever exposed *at all* to *any* asbestos that originated from McDermott, much less an amount significant enough to constitute a substantial factor in contributing to an asbestos-related disease.

This case was first filed in state court in the fall of 2022. There has been more than adequate time for discovery and nothing has been uncovered implicating McDermott. Based on

the undisputed facts, McDermott requests that this Court grant this summary judgment motion dismissing Plaintiffs' claims with prejudice at Plaintiffs' costs.

                                  Respectfully submitted,

                                  */s/ Joseph J. Lowenthal, Jr.*
                                  JOSEPH J. LOWENTHAL, JR. (8909)
                                  MADELEINE FISCHER (5575)
                                  JONES WALKER LLP
                                  201 St. Charles Avenue, 51st Floor
                                  New Orleans, Louisiana 70170
                                  Telephone: (504) 582-8000 / Direct: 582-8240
                                  Direct Facsimile: (504) 589-8240
                                  E-mail: jlowenthal@joneswalker.com

                                  *Attorneys for Defendant, McDermott, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 19, 2025, a copy of the foregoing pleading has been filed through the Court's CM/ECF filing system and that all counsel of record will be served with this pleading through that system or by e-mail.

                                  */s/ Joseph J. Lowenthal, Jr.*
                                  JOSEPH J. LOWENTHAL, JR.

#103938635v1