UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHERYL BECNEL, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                                      **NO. 23-1124**

**TAYLOR-SEIDENBACH, INC., ET AL.**              **SECTION: "P" (5)**

## <u>ORDER</u>

Before the Court is the *Ex Parte* Motion to Substitute Redacted Exhibits (R. Doc. 245) filed by Defendant Huntington Ingalls Incorporated.

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[1]  "[T]he working presumption is that judicial records should not be sealed. . . . And, to the extent that any sealing is necessary, it must be congruent to the need."[2]  "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption."[3]  Thus, while there is a presumption of public access to judicial records, court have recognized that this access is not absolute.[4]

---

[1] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).
[2] *Id.*
[3] *Shell Offshore, Inc. v. Eni Petroleum US LLC*, No. 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (*quoting Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).
[4] *See, e.g., S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)); *N. Cypress Medical Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Gomez v. Biomet 3i, LLC*, No. 21-945, 2022 WL 1302885, at *4 (E. D. La. May 2, 2022) ("When a document reflects confidential medical records . . . the court may be justified in sealing those specific portions of the document at issue."); *Doe v. Stegall*, 653 F.2d 185, 185-86 (5th Cir. 1981) (finding that a request to sue under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings").

Having reviewed the exhibits which Huntington Ingalls Incorporated seeks to file with redactions on the public record, the Court finds that the interests favoring nondisclosure outweigh the common law right of access to these materials as Huntington Ingalls Incorporated has only redacted sensitive, personal identifying information in the proposed revised exhibits.  Accordingly,

**IT IS ORDERED** that Huntington Ingalls Incorporated's *Ex Parte* Motion to Substitute Redacted Exhibits (R. Doc. 245) is **GRANTED**.  The Clerk of Court is directed to substitute the proposed Exhibit A and Exhibit B, R. Docs. 245-3 and 245-4, respectively, for the previous versions of those exhibits, found at R. Docs. 196-3 (Exhibit A) and 196-4 (Exhibit B).

New Orleans, Louisiana, this 8th day of July 2025.

                    **DARREL JAMES PAPILLION**
                 **UNITED STATES DISTRICT JUDGE**