UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL BECNEL, ET AL.** | **CIVIL ACTION NO. 2:23-CV-1124** |
| **VERSUS** | **SECTION "P"(5)** |
| | **JUDGE DARREL JAMES PAILLION** |
| **TAYLOR-SEIDENBACH, INC., ET AL.** | **MAGISTRATE JUDGE MICHAEL NORTH** |

### CF INDUSTRIES NITROGEN, LLC'S ANSWER AND DEFENSES TO HUNTINGTON INGALLS INCORPORATEDS' CROSSCLAIMS

**NOW INTO COURT**, through undersigned counsel, comes **CF Industries Nitrogen, LLC** (hereinafter "Defendant"), which respectfully submits the following Answer and Defenses to Huntington Ingalls Incorporated's (hereinafter "Avondale") Crossclaims (the "Crossclaims"), as follows:

### ANSWER

**1.**

The allegations contained in Paragraphs 1-3 of the Crossclaims are admitted.

**2.**

The allegations contained in Paragraph 4 of the Crossclaims directed to Defendant are denied. The allegations directed to other defendants are denied for lack of knowledge or information sufficient to justify a belief therein.

**3.**

In response to the allegations contained in Paragraphs 5 of the Crossclaims, Defendant denies all allegations directed to it, particularly any and all allegations of fault or liability on the

part of Defendant. The remaining allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

**4.**

In response to the allegations contained in Paragraph 6 of the Crossclaims, Defendant re-avers, reiterates, and reasserts the averments, defenses, denials, and responses of its Answer and Defenses to Plaintiffs' Fourth Amended and Restated Complaint (the "Complaint") as if copied herein *in extenso*. Defendant further denies any and all allegations of fault or liability on the part of Defendant.

**5.**

In response to the allegations contained in Paragraphs 7-8 of the Crossclaims, Defendant denies all allegations directed to it, particularly any and all allegations of fault or liability on the part of Defendant. The remaining allegations are denied for lack of knowledge or information sufficient to justify a belief therein.

**6.**

Avondale's Third-Party Complaint does not pertain to Defendant and requires no response of Defendant.

**7.**

Avondale's request for a jury trial requires no response of Defendant.

**8**.

Defendant denies any and all allegations directed at it in the "WHEREFORE" Paragraph and in any other paragraph that has not been addressed above and is otherwise found in Avondale's Crossclaims. Defendant denies that Plaintiff is entitled to damages and that Avondale is entitled to contribution from Defendant. Defendant further denies any and all allegations of Avondale's

Crossclaims not specifically admitted herein and any unnumbered or mis-numbered paragraphs. Defendant expressly denies that it is jointly, severally, or solidarily liable to Plaintiff and/or with Avondale.

## AFFIRMATIVE DEFENSES

**AND NOW**, Defendant asserts the following affirmative defenses applicable to Avondale's Crossclaims and avers:

### First Affirmative Defense

Defendant re-avers, reiterates, and reasserts the averments, defenses, denials, and responses of its Answer and Defenses to Plaintiffs' Complaint as if copied herein *in extenso*.

### Second Affirmative Defense

Defendant asserts all of the affirmative defenses not inconsistent with its position filed, set forth or adopted by any co-defendant in this litigation, including third-party defendants and defendants in cross-claim, adopting and incorporating all such defenses as if copied herein *in extenso* and reserving the right to argue those defenses at the appellate level. Further, Defendant respectfully pleads any and all other defenses and/or affirmative defenses available to it under applicable law and respectfully reserves the right to supplement and/or amend its answer as may hereinafter be appropriate.

### Third Affirmative Defense

Defendant pleads the affirmative defense of failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), given that Plaintiffs and Avondale have failed to allege sufficient facts establishing the specifics as to where, when, how, and under what circumstances, Plaintiffs/Decedents may have been exposed to asbestos for which Defendant may be liable.

**Fourth Affirmative Defense**

Defendant pleads the affirmative defense of failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), given that Plaintiffs and Avondale have failed to allege sufficient facts to establish fraud. Under Federal Rule of Civil Procedure 9(b), when pleading fraud, the circumstances constituting fraud shall be alleged with particularity. Plaintiffs' Complaint and Avondale's Crossclaims fail to set forth a sufficient factual basis establishing fraud to the extent that a misrepresentation or suppression of truth has been implied in Plaintiffs' Complaint.

**Fifth Affirmative Defense**

Defendant pleads the affirmative defense of improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) in the event future discovery reveals that venue in the United States District Court for the Eastern District of Louisiana is improper.

**Sixth Affirmative Defense**

Defendant pleads the abstention doctrine as an affirmative defense to preserve the defense in the event that Plaintiffs and/or Avondale have another suit pending arising from the same alleged injury.

**Seventh Affirmative Defense**

Plaintiffs' and/or Avondale' claims are prescribed, perempted, and/or otherwise time-barred, in whole or in part, by the passage of time, including pursuant to La. R.S. 9:2771 and 9:2772, as well as La. Civil Code art. 3500.

- 5 -

**Eighth Affirmative Defense**

Defendant affirmatively denies that the injuries and/or damages alleged by Plaintiffs were caused by any conduct of Defendant, whether by omission, commission, or based on negligence, vicarious liability, fault or otherwise.

**Ninth Affirmative Defense**

If any injury or damage occurred or was sustained by Plaintiffs/Decedents as alleged in Plaintiffs' Complaint, which Defendant specifically denies, then such injury or damage was proximately caused or contributed to by Plaintiffs'/Decedents' cumulative exposure to other sources.

**Tenth Affirmative Defense**

In the alternative, any injury and/or illness and/or damages that may have been sustained by Plaintiffs/Decedents, including, without limitation, any injuries and/or harm which may have been sustained as a result of alleged exposure to asbestos-containing products, the existence of which has been and continues to be denied, was caused and/or proximately caused by the voluntary assumption of known risks, including without limitation, risks inherent in employment, as a consequence of which any recovery herein is either totally barred or, in the further alternative, must be proportionately reduced.

**Eleventh Affirmative Defense**

The alleged injuries and alleged damages, as claimed herein, did not occur as a result of exposure to asbestos fibers, but rather were primarily caused by other medical conditions, including, but not limited to, if Plaintiffs/Decedents had a history of voluntarily smoking cigarettes or by other similar substances, which other medical conditions and/or history are specifically and

PD.50540410.1

affirmatively pleaded and are legally and factually imputable, serving as a bar to and/or reduction of any and all recovery as claimed.

### Twelfth Affirmative Defense

Further answering, and in the alternative, and only if the Court should find that Plaintiffs/Decedents sustained any injury or damages for which Defendant is responsible, which are denied, Defendant respectfully and affirmatively pleads the fault and/or negligence of Plaintiffs/Decedents and/or others, which fault and/or negligence was a substantial cause-in-fact of damages alleged herein and should operate to completely bar recovery, or alternatively reduce recovery on a comparative fault basis.

### Thirteenth Affirmative Defense

Plaintiffs/Decedents failed to mitigate their damages and, accordingly, any recovery herein is either totally barred or must be reduced. In the alternative, Defendant avers that the claims for damages herein have not accrued, are purely speculative, uncertain, and contingent.

### Fourteenth Affirmative Defense

If there is negligence or fault on the part of anyone other than Plaintiffs/Decedents and/or Avondale in any way constituting a proximate cause of the alleged injuries and/or damages, such negligence or fault is of persons or entities other than Defendant and/or entities for whom Defendant is or was not responsible. Accordingly, such negligence or fault may not be imputed to Defendant.

### Fifteenth Affirmative Defense

If it is proven at the time of trial that Defendant is liable for damages, if any, all of which has been and continues to be denied, Defendant is entitled to a credit and/or reduction on the basis of the portion of fault attributable to defendants/entities presently in bankruptcy who may not be

joined in this matter and/or that of other persons and/or entities not made a party to this proceeding whose negligence, fault and/or products may be shown to have caused and/or contributed to the injuries, illness and/or damages complained of herein.

### Sixteenth Affirmative Defense

If it is proven at the time of trial that Defendant is liable for damages, if any, all of which has been and continues to be denied, said liability is not sole but rather proportionate or alternatively joint and several between or among Defendant and one or more of the other defendants and/or persons(s), if any, limited to its virile share, or alternatively is entitled to contribution and/or indemnity from such other defendant(s), person(s) and/or entity(ies) based on comparative fault and/or vicarious liability.

### Seventeenth Affirmative Defense

If this Court finds that Plaintiffs/Decedents sustained any of the injuries alleged in Plaintiffs' Complaint, which Defendant specifically denies, such injuries resulted from various acts, wrongs and/or omissions of Plaintiffs/Decedents (including but not limited to if Plaintiffs/Decedents smoked cigarettes), each and all of which amounted to negligence, which acting together or separately were the proximate cause of such injuries, and should operate to bar recovery by Plaintiffs against Defendant or, alternatively, reduce recovery on a comparative fault basis.

### Eighteenth Affirmative Defense

Plaintiffs and/or Avondale have failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in their absence. Plaintiffs' Complaint and Avondale's Crossclaims therefore should be dismissed.

### Nineteenth Affirmative Defense

Plaintiffs' and/or Avondale's claims are barred by the doctrines of equitable estoppel, judicial estoppel, waiver, laches and/or "unclean hands."

### Twentieth Affirmative Defense

Should Defendant be found liable to Plaintiffs for the damages alleged in Plaintiffs' Complaint, which Defendant specifically denies, the debt or obligation arising from said liability is extinguished and/or discharged by Plaintiffs' or Avondale's release, remission and/or discharge in favor of one or more solidary obligors pursuant to former Louisiana Code of Civil Procedure Article 2203.

### Twenty-First Affirmative Defense

While denying knowledge of Plaintiffs/Decedents ever working for Defendant or at Defendant's facility and specifically denying that Plaintiffs/Decedents suffered the injuries alleged herein, Defendant avers and affirmatively pleads that any such injuries that may be shown by Plaintiffs occurred while Plaintiffs/Decedents and/or their employer(s) were operating as independent contractors at Defendant's facility and, further, that any injuries allegedly sustained from Plaintiffs/Decedents' work at Defendant's facility, which are denied, resulted from the sole negligence of Plaintiffs/Decedents and/or their employer(s). Accordingly, Plaintiffs are barred from maintaining any claim or cause of action against Defendant, and Avondale cannot obtain contribution from Defendant.

### Twenty-Second Affirmative Defense

Plaintiffs' Complaint and Avondale's Crossclaims fail to state a claim upon which relief may be granted to the extent Defendant owed no duty to Plaintiffs/Decedents.

### Twenty-Third Affirmative Defense

Should Plaintiffs present evidence that Plaintiffs/Decedents worked at Defendant's facility, Defendant avers and affirmatively pleads that at all times pertinent, Plaintiffs/Decedents were statutory employees of Defendant. Accordingly, the claims asserted herein against Defendant are barred pursuant to the exclusive remedy provisions of the Louisiana Workers' Compensation Act, and Defendant is therefore immune from tort liability pursuant to La. R.S. 23:1032, *et seq.*

### Twenty-Fourth Affirmative Defense

Defendant reserves the right to respond and assert defenses with respect to causes of action which have been dismissed, should same be reinstated through subsequent appeal, after verdict.

### Twenty-Fifth Affirmative Defense

Defendant reserves the right to plead additional defenses after appropriate discovery has been conducted.

**WHEREFORE, CF Industries Nitrogen, LLC** respectfully prays that its Answer and Defenses to Avondale's Crossclaims be deemed good and sufficient and that, after due proceedings, judgment be entered in its favor and against Avondale, dismissing Avondale's Crossclaims, with prejudice, at its sole cost. Defendant further prays for a trial by jury and for any and all just and equitable relief to which it is entitled in the premises.

                Respectfully submitted,

                **PHELPS DUNBAR LLP**

BY:   */s/Blake C. Donewar*
        J. Alan Harrell (Bar #25081)
        Anthony J. Gambino, Jr. (Bar #37129)
        II City Plaza | 400 Convention St., Suite 1100
        Baton Rouge, Louisiana 70802
        Telephone: 225 346 0285
        Facsimile: 225 381 9197
        Email: alan.harrell@phelps.com
        Email: anthony.gambino@phelps.com

        And

        Barbara L. Arras (Bar #17908)
        Blake C. Donewar (Bar #39159)
        Sophie Gray (Bar #39422)
        Canal Place | 365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130
        Telephone: 504 566 1311
        Facsimile: 504 568 9130
        Email: barbara.arras@phelps.com
        Email: blake.donewar@phelps.com
        Email: sophie.gray@phelps.com

                **ATTORNEYS FOR DEFENDANT,**
                **CF INDUSTRIES NITROGEN, LLC**

## **CERTIFICATE OF SERVICE**

     I do hereby certify that the foregoing pleading was filed on this 25th day of August, 2025, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

                */s/Blake C. Donewar*
                    Blake C. Donewar